NORTHWESTERN MORTGAGE TRUST CO. v. BRADLEY *et al.*

Where, on appeal, it was determined that the demurrers to defendants' answer should be sustained, and the cause was reversed and remanded for further proceedings according to law, it was error for the trial court to vacate an order made by it that plaintiff have judgment on the pleadings, unless defendants within thirty days apply and show cause for leave to amend their answer.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by the Northwestern Mortgage Trust Company against William W. Bradley and another. From an order va-

cating a previous order awarding judgment for plaintiff unless cause be shown, plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Edwin VanCise,* for appellant.

*William R. Steele,* (*Burke & Goodner* of counsel) for respondent.

FULLER, J.   After this case, now before us for a second time, was "reversed, and the cause remanded for further proceedings according to law," the trial court denied the application of plaintiff for judgment, awarding it the immediate possession of the real property in controversy, together with the rents and profits derived therefrom, and at the hearing entered an order which, after making the judgment of this court the judgment below, concludes as follows:   "It is ordered, further, that the demurrers of the plaintiff to the separate answers of the defendants herein be, and each of them is hereby, sustained, and that plaintiff have judgment thereon, unless the defendants within thirty days from this date apply and for good cause shown be given leave to amend said answers."   Upon the theory that the court was without authority to make that portion of the order above quoted, counsel for defendants applied for and obtained an order vacating the same, and this appeal is by the plaintiff therefrom.

On the former appeal, which was from a judgment in favor of defendants, and an order denying a motion for a new trial, the overruling of plaintiff's several demurrers interposed to the defendants' separate answers was assigned as error; and, the question as to the sufficiency of such pleadings being thus directly presented, we conclusively determined the point by hold-

ing that no defense to plaintiff's cause of action was stated therein, and the order granting defendants leave to file amended answers was strictly according to the law of the case, and a matter of which they certainly have no right to complain. 70 N. W. 648.

By reversing, the judgment, and remanding the cause for further proceedings according to law, the trial court was advisedly and of necessity authorized, in the exercise of its discretion, to allow the defendants to plead and make out a defense, if any they have, and, failing in that regard, to render judgment for plaintiff. Without a material question at issue, this court would not specifically order a new trial, nor, under the circumstances of the case, direct the entry of judgment for plaintiff, without leaving the court below discretion, in the interest of justice, to permit the defendants, upon a proper showing, to file amended answers to plaintiff's complaint, and proceed to trial thereon. The order appealed from is reversed, and the cause remanded for further proceedings according to law.